**William A. Birdwell**, OSB No. 730298
billbirdwell@dwt.com
**Randy Gainer** *(pro hac vice)*
randygainer@dwt.com
**Scott E. Warnick**, OSB No. 054954
scottwarnick@dwt.com
**Alan Galloway**, OSB No. 083290
alangalloway@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
Suite 2300, 1300 SW Fifth Avenue
Portland, Oregon 97201-5630
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

    Attorneys for Defendant iovation Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KOUNT INC.**, a Delaware corporation, | Case No. 3:09-cv-255 |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** |
| **IOVATION INC.**, a Delaware corporation, | |
| Defendant. | |

In response to the Complaint for Patent Infringement of Plaintiff Kount Inc. ("Kount"), Defendant iovation Inc. ("iovation"), states as follows:

### The Parties

1.    iovation denies the allegations stated in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

2.    iovation admits allegations stated in paragraph 2.

Page 1 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

**Jurisdiction and Venue**

3.  Answering paragraph 3, iovation admits that this action purports to be one pursuant to the patent laws of the United States and that the Court has subject matter jurisdiction regarding Kount's claims, but denies that Kount is entitled to any relief upon those claims.

4.  Answering paragraph 4, iovation admits that the Court has subject matter jurisdiction regarding Kount's claims but denies that Kount is entitled to any relief upon those claims.

5.  iovation admits that the Court has personal jurisdiction over iovation because its principal place of business is in Oregon.  iovation denies the remainder of the allegations stated in paragraph 5.

6.  iovation admits the allegation stated in paragraph 6.

**Responses to General Allegations**

7.  iovation admits that a copy of U.S. Patent No. US 7,330,871 (the "'871 Patent") was attached to the Complaint.  iovation denies the remainder of the allegations stated in paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

8.  iovation denies the allegations stated in paragraphs 8.

9.  iovation admits that paragraph 9 quotes the Abstract of the '871 Patent.  iovation denies that the quoted Abstract appropriately describes the alleged invention described in the '871 Patent.

10.  iovation admits the allegations stated in paragraph 10.

11.  iovation admits the allegations stated in paragraph 11.

12.  iovation admits the allegations stated in paragraph 12.

Page 2 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

13. iovation admits that it advertises that its Device Reputation Authority (DRA) is a patented platform that forms the foundation of iovation's online fraud and abuse management and multi-factor authentication services, and that the DRA includes a highly scalable repository where the unique ID of millions of Internet-enabled devices is maintained using iovation device identification techniques, but otherwise denies the allegations stated in paragraph 13.

### Response to First Cause of Action

### (Patent Infringement)

14. Answering paragraph 14, iovation incorporates by reference its responses stated in paragraphs 1-13 above.

15. iovation denies the allegations stated in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

16. iovation denies the allegations stated in paragraph 16.

17. iovation denies the allegations stated in paragraph 17.

18. iovation denies the allegations stated in paragraph 18.

19. iovation denies the allegations stated in paragraph 19.

20. iovation denies the allegations stated in paragraph 20.

21. iovation denies the allegations stated in paragraph 21.

22. iovation denies the allegations stated in paragraph 22.

23. iovation denies the allegations stated in paragraph 23.

### First Affirmative Defense

24. Kount fails to state a claim for which relief may be granted.

Page 3 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

### Second Affirmative Defense

25. iovation has not infringed, and does not infringe, any valid claim of the '871 Patent directly, by contributory infringement, by inducing infringement, or otherwise.

### Third Affirmative Defense

26. The claims of the '871 Patent, as properly construed in light of the prior art, its prosecution history and otherwise, are invalid for failure to comply with the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 111, 112, and 113.

### Fourth Affirmative Defense

27. By reason of the proceedings in the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the applications for the '871 Patent, including, but not limited to, the admissions, representations and/or other statements made by the named inventor and/or others substantively involved in the prosecution, Kount is estopped to assert a construction of any claim of the '871 Patent that would encompass literally or under the doctrine of equivalents any method practiced by, or product or service of, iovation.

### Fifth Affirmative Defense

28. Kount's claims for damages for alleged infringement of the '871 Patent are barred in whole or in part by 35 U.S.C. § 287.

### Additional Defenses

29. iovation reserves the right to assert all other defenses that may become known through discovery.

### Relief Requested Regarding Kount's Complaint

Wherefore, iovation asks that

Page 4 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

30.    Kount take nothing by its Complaint and that the same be dismissed with prejudice;

31.    The Court enter judgment in favor of iovation and against Kount on all claims of Kount's complaint;

32.    The Court find this an exceptional case and award iovation its costs and attorneys fees incurred in the defense of this action; and

33.    The Court grant such other and further relief as the Court deems just and equitable.

## Counterclaims

Defendant iovation submits the following counterclaims against plaintiff Kount.

34.    An actual controversy exists between iovation and Kount by virtue of the allegations set forth in Kount's Complaint for Patent Infringement with respect to the validity, scope, and enforceability of U.S. Patent No. US 7,330,871 (the "'871 Patent"), and whether iovation is liable for any alleged infringement of the '871 Patent.

35.    This Court has jurisdiction of this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

## Count I

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,330,871)

36.    iovation incorporates by reference the preceding paragraphs as though set forth in full in this counterclaim.

37.    Upon information and belief, each of the claims of the '871 Patent is invalid and unenforceable for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code.

Page 5 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

38. iovation requests a judicial determination and declaration of the respective rights and duties of the parties in this case in accordance with iovation's contentions that the '871 Patent is invalid and unenforceable. Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the '871 Patent.

39. iovation is entitled to a declaration that the `871 Patent is invalid and unenforceable.

## COUNT II

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,330,871)

40. iovation incorporates by reference the preceding paragraphs as though set forth in full in this counterclaim.

41. iovation has not infringed, and does not infringe, any valid claim of the '871 Patent directly, by contributory infringement, by inducement of infringement, or otherwise.

42. iovation requests a judicial determination and declaration of the respective rights and duties of the parties in this case in accordance with iovation's contentions that it has not infringed, and does not infringe, the '871 Patent directly, by contributory infringement, inducement of infringement, or otherwise. Such determination is necessary and appropriate at this time for the parties to ascertain their respective rights and duties regarding the '871 Patent.

43. iovation is entitled to a declaratory judgment that the '871 Patent has not been, and is not, infringed by iovation.

### Requests for Relief on Counterclaims

Wherefore, Defendant and Counterclaimant iovation asks that judgment be entered in its favor and that the Court:

Page 6 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

44. Dismiss Kount's Complaint for Patent Infringement with prejudice and that Kount take nothing by it;

45. Enter an order declaring that the '871 Patent is invalid, unenforceable, or both;

46. Enter an order declaring that iovation has not infringed, and does not infringe, the '871 Patent directly, by contributory infringement, by inducement of infringement, or otherwise;

47. Award iovation its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

48. Award such other and further relief as the Court deems just and equitable.

### Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), iovation requests a jury on all issues so triable.

DATED this 23d day of April, 2009.

**Davis Wright Tremaine LLP**

\_\_\_\_\_/s/ William A. Birdwell_____
William A. Birdwell, OSB No. 730298
Randy Gainer, *(pro hac vice)*
Scott E. Warnick, OSB No. 05495
Alan Galloway, OSB No. 083290
Tel: (503) 241-2300

Attorneys for Defendant iovation Inc.

Page 7 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 3:09-CV-255
DWT 12741716v5 0086500-000014

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300